UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

USHA KIRAN VERMA,                          )
14012 Tatani Drive,                        )
Boyds, MD  20841,                          )
                                           )
        Plaintiff,                         )    COMPLAINT FOR WRIT OF
    v.                                     )    MANDAMUS AND FOR EQUITABLE
                                           )    RELIEF
MICHAEL B. MUKASEY, Attorney               )
General of the United States, in his       )    CIVIL ACTION NO.
official capacity as well as his           )
successors and assigns,                    )    ALIEN NO.  A96 238 053
U.S. Department of Justice,                )
950 Pennsylvania Avenue, N.W.,             )    AGENCY CASE NO. EAC0306151306
Washington, D.C. 20530-0001,               )
                                           )    REQUEST FOR ORAL ARGUMENT
        and                                )
                                           )
ROBERT S. MUELLER, III, Director,          )
Federal Bureau of Investigation,           )
in his official capacity, as well as his   )
successors and assigns,                    )
J. Edgar Hoover Building,                  )
935 Pennsylvania Avenue N.W.,              )
Washington, DC 20535-0001,                 )
                                           )
        and                                )
                                           )
JONATHAN SCHARFEN, Acting                  )
Director, U.S. Department of               )
Homeland Security, U.S. Citizenship        )
and Immigration Services, in his           )
official capacity, as well as his          )
successors and assigns,                    )
20 Massachusetts Avenue, N.W.,             )
Suite 5110,                                )
Washington, DC 20529,                      )
                                           )
        and                                )
                                           )
PAUL E. NOVAK, Director,                   )
Vermont Service Center,                    )
U.S. Department of Homeland                )
Security, U.S. Citizenship and             )
Immigration Services, in his official      )
capacity as well as his successors         )
and assigns,                               )
75 Lower Welden Street,                    )
Saint Albans, Vermont 05479,               )
                                           )
        Defendants.                        )
                                           )

**COMPLAINT FOR WRIT OF MANDAMUS
AND EQUITABLE RELIEF**

**To the Honorable Judges of Said Court:**

COMES NOW, Plaintiff, Usha Kiran Verma, through her undersigned counsel, and alleges as follows:

**I. INTRODUCTION**

1.      This is a civil action seeking mandamus and equitable relief based upon the failure of the Federal Bureau of Investigation ("FBI") to complete Plaintiff's National Name Check Program clearances, which have unreasonably delayed any adjudication of the I-485 Applications for Adjustment of Status, which were filed by Plaintiff and her dependants, pursuant to §245 of the Immigration and Nationality Act, 8 U.S.C. §1255 ("INA"), on **December 19, 2002**. *See*, Affidavit of Usha Kiran Verma, dated April 26, 2008, a copy of which is attached and incorporated hereto as "Exhibit A."

2.      Plaintiff seeks to compel Defendants Attorney General Mukasey and FBI Director Robert Mueller, and those acting under their direction, to complete Plaintiff and her dependants' FBI National Name Check Program clearances (generating "FBIQUERY System" responses), which are required before the U.S. Citizenship and Immigration Service ("USCIS") can adjudicate her and her dependants' I-485 Applications, pursuant to §245 of the INA, the Mandamus and Venue Act (28 U.S.C. §1361) ("Mandamus Act"), 8 U.S.C. §1101 (INA), 8 U.S.C. §1571 ("The Immigration Services and Infrastructure Improvements Act of 2000"), and the Administrative Procedures Act (5 U.S.C. §551 and §701, *et seq.*) ("APA").

2

3.      Attorneys fees and costs are entitled to Plaintiff pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq.*[1]

## II. PARTIES

4.      Plaintiff, Usha Kiran Verma, is an adult individual who is a national of India and resides lawfully in the United States. She resides at 14012 Tatani Drive, Boyds, MD 20841. *See*, Exhibit A.

5.      Michael B. Mukasey is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns.   He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice.   More specifically, Mr. Mukasey is responsible for overseeing the FBI's National Name Check Program ("NNCP"), which is mandated by Executive Order No. 10450. Presently, every intending immigrant must complete an FBI NNCP screening before an adjustment application filed on his or her behalf can be approved. *See*, 22 C.F.R. §42.67(c)(2).

6.      Robert S. Mueller, III, is the Director of the FBI and is named herein only his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made by the USCIS for security clearances, including NNCP screenings. The FBI is headquartered at the J. Edgar

---

[1] *See*, Elkhatib v. Bulger, 2006 U.S. Dist. LEXIS 60485 (S.D. Fla. 2006) (fees granted after a plaintiff succeeded in his mandamus action seeking to compel the USCIS to adjudicate his adjustment application) and Aboushaban v. Mueller, 2007 U.S. Dist. LEXIS 15402 (N.D. Cal. 2006) (fees granted after the Court granted a plaintiff's writ of mandamus and ordered the USCIS to adjudicate his adjustment application).

Hoover Building, 935 Pennsylvania Avenue, NW, Washington, DC 20535-0001.

7.    Jonathan Scharfen is the Acting Director of the USCIS, who is named herein only his official capacity, as well as his successors and assigns.  He is generally charged with the implementation of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the USCIS.  USCIS is specifically assigned the adjudication of applications for adjustment of status.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529.

8.    Defendants Mukasey, Scharfen, and Mueller are federal officers and agency heads who perform a significant amount of their official duties in the District of Columbia.

9.    Paul E. Novak is the District Director of the Vermont Service Center ("VSC") and is named herein only in his official capacity, as well as his successors and assigns.  Plaintiff and her dependants properly filed their applications for adjustment of status with the VSC.  USCIS, through its headquarters in Washington, D.C., any of its four (4) service centers, National Benefits Center, numerous Field Offices, numerous Sub-Offices and Application Support Centers, has a mandatory duty to act on Plaintiff and her defendants' applications for adjustment of status within a reasonable period of time.

**III. JURISDICTION**

10.    This Honorable Court has subject matter jurisdiction over this Complaint under the Constitution and laws of the United States, including the Fifth Amendment to the U.S. Constitution,[2] provisions of Title 8 U.S.C. §1101, *et seq.*

---

[2] The U.S. Supreme Court reminds us that, "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful,

4

(INA), 8 U.S.C. §1571 ("The Immigration Services and Infrastructure Improvements Act of 2000"), 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1361 (Mandamus Act), 28 U.S.C. §1651 (All Writs Act), as well as under 5 U.S.C. §555 and 701, *et seq.* (APA). Relief is requested pursuant to the U.S. Constitution and these statutes.

11.    When Congress enacted The Immigration Services and Infrastructure Improvements Act of 2000, it set the period of one-hundred-and-eighty days (180) as the normative expectation for the government to complete the processing of an immigrant benefit application. This 180 day period, which begins upon the initial filing of the application, is considered a **reasonable processing time**. *See*, 8 U.S.C. §1571 and Konchitsky v. Chertoff, 2007 U.S. Dist. LEXIS 53998 at 11-15 (N.D. Cal. July 13, 2007)

12.    **Plaintiff and her dependants' I-485 Applications have therefore been pending for approximately four (4) years and ten (10) months longer than is considered reasonable** under 8 U.S.C. §1571.

13.    This action is filed in response to unreasonable agency delay and failure to complete Plaintiff and her dependants' FBI NNCP screenings and issue "FBIQUERY System" responses to the USCIS, which has unreasonably prevented the adjudication of Plaintiff and her dependants' Adjustment Applications, in violation of the APA. Plaintiff merely seeks to compel FBI action on unreasonably delayed NNCP screenings **Plaintiff does not seek review of a discretionary decision rendered or act by non-FBI Defendants, including any action on the part of Defendant USCIS.**

---

unlawful, temporary, or permanent." *See*, Zadvydas v. Davis, 533 U.S. 678, 679 (2001)

14.    There are no administrative remedies available to Plaintiff to redress her grievances described herein. As described more fully below, Plaintiff has contacted the USCIS' National Customer Service Center, the USCIS Vermont Service Center, USCIS Baltimore District Office, U.S. Senator Benjamin L. Cardin, U.S. Senator Barbara A. Mikulski, and the CIS Ombudsman. She has also attended four (4) InfoPass Appointments at her local USCIS Field Office.

15.    Plaintiff's instant action challenges only the reasonableness of Defendants' delay or inaction in the completion of her and her dependants' NNCP screenings and transmission of "FBIQUERY System" responses to the USCIS, not the grant or denial of the I-485 Application; therefore, the jurisdictional limitations of 8 U.S.C. §1252 do not apply.

16.    This Court, in an opinion by U.S. District Judge Emmet G. Sullivan, has specifically held that it has subject matter jurisdiction to hear a similar cause of action under the APA filed by an alien whose I-485 adjustment application had been pending since July 23, 2003. *See*, Liu v. Novak, 509 F.Supp. 2d 1, 13 (D.D.C. Aug. 30, 2007)

17.    As noted in Judge Sullivan's opinion, there is significant district court authority holding that subject matter jurisdiction is appropriate for judicial review of an **agency's failure to take action** or to review the pace of adjustment application processing. Id., at 11-12. *See also*, Tang v. Chertoff, 2007 U.S. Dist. LEXIS 64022 at *14-19 (E.D. Ky. Aug, 29, 2007) (**granting a preliminary injunction and writ of mandamus** after finding that USCIS had a non-discretionary duty to process plaintiff's I-485 applications); Xu v. Chertoff, 2007 U.S. Dist. LEXIS 55215 at *2 (E.D. Mich. July 31, 2007) (duty to process I-485 applications within a reasonable time is a **non-discretionary duty** imposed by the APA and reviewable through the

mandamus statute); Yan Yang v. Gonzales, 2007 U.S. Dist. LEXIS 42143 at *6 (S.D. Oh. June 11, 2007) (a complaint invoking the court's **mandamus jurisdiction** to compel resolution of I-485 application was appropriate); Song v. Klapakas, 2007 U.S. Dist. LEXIS 27203 at *10 (E.D. Pa. April 12, 2007) (**mandamus jurisdiction** is appropriate because defendants owe plaintiffs a **non-discretionary duty** to act on their adjustment of status applications in a reasonable time); Saleem v. Keisler, 2007 U.S. Dist. LEXIS 80044 at *37 (W.D. Wisc. Oct. 26, 2007) (USCIS ordered to adjudicate adjustment application within 60 days); Jin v. Heinauer, 2007 U.S. Dist. LEXIS 89214 at *12-13 (S.D. Ohio Dec. 4, 2007) (USCIS ordered to adjudicate adjustment application within 90 days); Gershenzon v. Gonzales, 2007 U.S. Dist. LEXIS 68600 (W.D. Pa. Sept. 17, 2007) (motion to dismiss denied where USCIS had not adjudicated an adjustment application for more than three years due to an incomplete FBI NNCP screening); Liu v. Chertoff, 2007 U.S. Dist. LEXIS 50173 (E.D. Cal. July 11, 2007) (two-and-a-half year delay); Okunev v. Chertoff, 2007 U.S. Dist. LEXIS 53161 (N.D. Cal. July 11, 2007) (more than a three year delay); Quan v. Chertoff, 2007 U.S. Dist. LEXIS 44081 (N.D. Cal. June 7, 2007) (unreasonable delay); Singh v. Still, 470 F.Supp. 2d 1064, 1072  (N.D. Cal. 2007) (nearly a four year delay); Aboushaban v. Mueller, 2006 U.S. Dist. LEXIS 81076 (N.D. Cal. 2006) (an approximate eight year delay); Salehian v. Novak, 2006 U.S. Dist. LEXIS 77028 (D. Conn. 2006) (two year delay); Duan v. Zamberry, 2007 U.S. Dist. LEXIS 12697 (W.D. Pa. Feb. 23, 2007) (more than a one year delay); Jones v. Gonzales, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) (delays of two and three years); Cao v. Upchurch, 496 F. Supp. 2d 569 (E.D. Pa. 2007) (summary judgment was appropriate as a four year delay was presumptively unreasonable and defendants made no attempt to rebut proof of an unreasonable delay); Dong v. Chertoff, 513 F.

Supp. 2d 1158 (N.D. 2007) (jurisdiction appropriate to determine whether action on

an adjustment application had been unlawfully withheld); Lopez v. Secretary, DHS,

2007 U.S. Dist. LEXIS 68447 (M.D. Fla. Sept. 17, 2007) (evidentiary hearing granted

regarding the reasonableness of a FBI delay in completing a name check) and

Sawad v. Frazier, 2007 U.S. Dist. LEXIS 75366 (D.Minn. Oct. 9, 2007) (motion to

dismiss denied and defendants ordered to provide evidence specific to two

adjustment applications and the related delayed background checks within sixty

days).

## IV. VENUE

18.    Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(e)(1)

because:

a.    Defendant Attorney General Michael B. Mukasey is an officer

of the Department of Justice and is responsible for the operation of the FBI, which is

headquartered in the District of Columbia.[3]    Defendant Mukasey performs a

significant amount of his official duties in the District of Columbia and resides, for

purposes of venue, within the District of Columbia;

b.    Defendant Robert S. Mueller, III, is an officer of the

Department of Justice and is Director of the FBI, which is headquartered in the

District of Columbia.  Defendant Mueller performs a significant amount of his official

duties in the District of Columbia and resides, for purposes of venue, within the

District of Columbia;

---

[3] It is well-established precedent in this Court that, "When an officer or agency head
performs a 'significant amount' of his or her official duties in the District of Columbia,
the District of Columbia is a proper place for venue." Jyachosky v. Winter, 2006 U.S.
Dist. LEXIS 44399 at 12, hn. 6 (D.D.C. June 29, 2006), citing to Bartman v. Cheney,
827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in
Washington, D.C. for purposes of 28 U.S.C. § 1391(e))

c.    Defendant Jonathan Scharfen is an officer of the Department of Homeland Security and is the Acting Director of the USCIS, which is headquartered in the District of Columbia.    Defendant Scharfen performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d.    Defendant Novak is an officer of the Department of Homeland Security who retains jurisdiction over Plaintiff and her dependants' adjustment applications, subject to the discretion of Defendant Scharfen, who resides in the District of Columbia.

e.    A substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred within the offices of the FBI, DHS, and USCIS, which are all headquartered in the District of Columbia; and

f.    Judicial economy and the interests of justice warrant that Plaintiff's action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the discretion of their Agency Director who is similarly located within the District of Columbia.

19.    Due to the decentralized nature of USCIS case processing, which allows for the transfer of adjustment of status applications to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

## V. STATEMENT OF FACTS

### A. Eligibility for Adjustment of Status

20.    On December 19, 2002, Plaintiff filed an I-485 Application for

9

Adjustment of Status with the VSC, pursuant to §245 of the INA, 8 U.S.C. §1255. *See*, USCIS Form I-797C, Receipt Number EAC-03-061-51306, dated April 29, 2005, a copy of which is attached and incorporated hereto as "Exhibit B."

21.    On December 19, 2002, Plaintiff's dependants also filed I-485 Applications for Adjustment of Status with VSC, as derivative adjustments, based on the filing of Plaintiff's Adjustment of Status as a direct beneficiary of an immigrant petition. *See*, USCIS stamp on front of I-485 Application, Receipt Number EAC-03-061-51190, for Dharmendra Kumar Verma, spouse of Plaintiff; USCIS stamp on front of I-485 Application, Receipt Number EAC-03-061-51137, for Saurabh Verma, son of Plaintiff; and USCIS stamp on front of I-485 Application, Receipt Number EAC-03-061-51167, for Gaurav Verma, son of Plaintiff, all dated December 19, 2002; copies of which are attached and incorporated hereto as "Exhibit C," "Exhibit D," and "Exhibit E," respectively.

22.    On April 29, 2005, Plaintiff and her dependants' adjustment applications were subsequently transferred to the USCIS Baltimore District Office. *See,* Exhibit B and USCIS Form 797C, Receipt Number EAC-03-061-51167, dated April 29, 2006, a copy of which is attached and incorporated hereto as "Exhibit F."

23.    Plaintiff has complied with all requests made by the USCIS to complete all necessary steps for the adjudication of her and her dependants' Adjustment Applications. She has provided all of the information requested by the USCIS and has complied with all notices, including attending Biometrics appointments on February 7, 2003; October 5, 2004; and September 22, 2006; and an Interview for I-485 Application to Adjust to Permanent Resident Status on September 22, 2006, at the USCIS Baltimore District Office. *See,* USCIS Forms I-797C, Fingerprint Notification, dated January 4, 2003, and September 1, 2004; Letter

from Richard C. Caterisano, District Director, USCIS Baltimore District Office, dated September 22, 2006; and Interview Notice, dated August 29, 2006, copies of which are attached and incorporated hereto as "Exhibit G" through "Exhibit J."

**B. USCIS and FBI Security Checks**

24.    Once an Application for Adjustment of Status is filed, the FBI must conduct mandatory criminal and national security background checks before an adjudication of the application is possible. These security checks include the FBI NNCP check. *See*, Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007, at page 2, a copy of which is attached and incorporated hereto as "Exhibit K."

25.    In a majority of FBI NNCP name checks, no "matches" or indications of derogatory information are found. *See*, Exhibit K, page 2.

26.    The FBI processes USCIS-requested NNCP checks chronologically, based on the date the request was forwarded. Initial responses to the NNCP check are generally available within two (2) weeks. In eighty percent (80%) of applications, no "match" or derogatory information is found. Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months. *See*, Exhibit K, page 6 and USCIS Fact Sheet, dated April 25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2-3.

27.    Less than **one percent (1%) of cases** subject to an FBI NNCP check **remain pending longer than six (6) months**. *See*, Exhibit K, USCIS Fact Sheet, page 2.

28.    The FBI has stated, in a declaration previously submitted to this Court, that it has historically resolved approximately sixty-eight percent (68%) of NNCP name checks with a "no record" result within **seventy-two (72) hours**. Of the

remaining cases, a secondary check historically has revealed a "no record" result within an additional **thirty to sixty (30 - 60) days** for twenty-two percent (22%) of all cases.  Of the remaining ten percent (10%) of cases, less than **one percent (1%)** of USCIS cases are identified with a file containing *possible* derogatory information. *See*, Declaration of Michael A. Cannon, dated April 13, 2007, at pages 5-6, a copy of which is attached and incorporated hereto as "Exhibit L."

### C. Exhaustion of Administrative Remedies

29.    Plaintiff, by herself and through legal counsel, has made repeated inquiries regarding the status of her and her dependants' I-485 Applications for Adjustment of Status. Plaintiff contacted the USCIS National Customer Service line numerous times between December 2002 and the present, but was informed that her and her dependants' Adjustment Applications were delayed due to security checks. *See*, Exhibit A.

30.    Plaintiff, by herself and through legal counsel, has made repeated inquiries regarding the status of her and her dependants' I-485 Applications for Adjustment of Status. Plaintiff was advised in writing on March 1, 2005, that that the adjudication of these Adjustment Applications was delayed because of the absence of the required security checks and has remained delayed for lack of the security check clearance. *See*, USCIS VSC Letter dated March 1, 2005, a copy of which is attached and incorporated hereto as "Exhibit M."

31.    Plaintiff was advised in writing on April 21, 2006, by Richard C. Caterisano, District Director, USCIS Baltimore District Office, that she should receive further instructions or a final decision on her case within 240 days by December 17, 2006.  *See*, USCIS Baltimore District Office Letter dated April 21, 2006, a copy of which is attached and incorporated hereto as "Exhibit N."

12

32.     Plaintiff contacted U.S. Senator Benjamin L. Cardin to request assistance with expediting the adjudication of her Adjustment Application.  Senator Cardin acknowledged Plaintiff's request and provided an update from the USCIS that indicated a delay. *See*, Letter to U.S. Senator Benjamin L. Cardin's office, dated August 31, 2007; Letter from U.S. Senator Benjamin L. Cardin's office, dated October 1, 2007, and Response from USCIS to U.S. Senator Benjamin L. Cardin's office, dated October 1, 2007, copies of which are attached and incorporated hereto as "Exhibit O," "Exhibit P," and "Exhibit Q," respectively.

33.     Plaintiff contacted the CIS Ombudsman regarding her delayed background check and was informed that his office had "initiated a formal inquiry with the USCIS." *See*, Letter to the CIS Ombudsman, dated August 31, 2007, and Letter from the CIS Ombudsman, dated September 13, 2007, copies of which are attached and incorporated hereto as "Exhibit R" and "Exhibit S," respectively. Plaintiff again contacted CIS Ombudsman regarding her and her dependants' adjustment applications and was informed that his office had initiated a second inquiry that would address the delay and request expedited handling of the matter. *See*, Letter to CIS Ombudsman, dated October 20, 2007, and Letter from CIS Ombudsman, dated November 6, 2007, copies of which are attached and incorporated hereto as "Exhibit T" and "Exhibit U," respectively.

34.     Plaintiff, through legal counsel, contacted USCIS Baltimore District Office regarding the status of her and her dependants' adjustment applications and received a response that indicated a delay. *See*, Communication to USCIS Baltimore District, dated May 14, 2007, and Response from Tyesha Kennedy, USCIS Assistant, Baltimore District Office, dated May 15, 2007, a copy of which is attached and incorporated hereto as "Exhibit V."

35.    Plaintiff scheduled and attended InfoPass Appointments on May 9, 2007, and August 2, 2007, and in February 2007 and November 2007, at her local USCIS Field Office. In response, she was informed that her NNCP check had been pending with the FBI since December 19, 2002. *See*, Exhibit A.

36.    Plaintiff contacted U.S. Senator Barbara A. Mikulski regarding her delayed background check; however, she did not receive a reply. *See*, Letter to U.S. Senator Barbara A. Mikulski, dated August 31, 2007, a copy of which is attached and incorporated hereto as "Exhibit W."

37.    Plaintiff, through counsel, sent certified letters regarding the unreasonable delay of the NNCP security checks and requesting a response or adjudication of her and her dependants' adjustment applications within 30 days in order to avoid litigation of this matter. Plaintiff did not receive a reply. *See*, Letter to Alberto R. Gonzalez, U.S. Attorney General; Rod J. Rosenstein, U.S. Attorney for the District of Maryland; Michael Chertoff, Secretary of the U.S. Department of Homeland Security; Emilio T. Gonzalez, Director, USCIS; and Gregory L. Collett, District Director, USCIS Baltimore District Office, dated June 6, 2007, a copy of which is attached and incorporated hereto as "Exhibit X."

**D. Plaintiff's Mandamus Action**

38.    In order to obtain relief under the Mandamus Act, Plaintiff must establish that (1) the claim is "clear and certain;" (2) the duty owed is "ministerial and so plainly prescribed as to be free from doubt;" and (3) that no other adequate remedy is available. *See*, Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997)

39.    Plaintiff has demonstrated through the FBI's own Declaration that Defendant FBI has a non-discretionary duty to complete all USCIS-requested NNCP name checks within a reasonable time. There is no legal authority for the argument

that the FBI may choose not to complete a USCIS-requested NNCP name check. *See,* Exhibit K and Exhibit L.

40.    Plaintiff has demonstrated that her claim for relief from the FBI's inaction is clear and certain in that there is no legal authority for the FBI to justify its inaction or to refuse to complete her and her dependants' USCIS-requested NNCP name checks.

41.    The FBI's duty to complete Plaintiff's NNCP name check is purely ministerial in nature and so plainly prescribed by Executive Order that the Agency's duty is free from doubt.

42.    Plaintiff's exhaustion of remedies, as described above, shows that there is no other adequate remedy available to her.

## VI. INJURIES TO PLAINTIFF

43.    Plaintiff and her dependants are adversely affected by the Defendant FBI's inaction described above in that their ability to travel abroad and work is restricted during the pendency of their I-485 Application period.  Until their FBI NNCP name checks are completed, Plaintiff and her dependants must annually apply and pay for special travel permission and work authorizations.

44.    Plaintiff has lost a significant amount of work time while pursuing the adjudication of her and her dependants' Application for Adjustment of Status, including but not limited to, making inquiries to the USCIS, attending Infopass appointments at her local USCIS Field Office, meeting with her attorneys, and applying for annual work authorization renewals.

45.    Due to Defendant FBI's inaction described above, Plaintiff and her dependants' future naturalization (to become U.S. Citizens) has been delayed.

15

## VII. GROUNDS FOR RELIEF

46.    Defendant FBI's inaction and refusal to complete Plaintiff and her dependants' NNCP screens and to transmit "FBIQUERY System" responses is both arbitrary and capricious, as the FBI has a **mandatory, non-discretionary** duty, as required by law, to complete this process.  5 U.S.C. §701, 702 and 706, *et seq.* and 5 U.S.C. §555

47.    Defendant FBI's inaction is a violation of the APA in that it has unlawfully withheld or unreasonably delayed action on Plaintiff's FBI NNCP name check.

48.    The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(l)

49.    Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. §1361

50.    If Plaintiff prevails under any of her claims stated herein, she is entitled to recover her attorneys' fees and costs under the EAJA, as amended, 5 U.S.C. §504 and 28 U.S.C. §2412.

## VIII. CLAIMS FOR RELIEF

51.    Defendant FBI has unreasonably delayed and failed to perform a mandatory action in completing Plaintiff and her dependants' NNCP screens and transmitting "FBIQUERY System" responses to the USCIS, thereby preventing the adjudication of Plaintiff and her dependants' I-485 Adjustment Applications, which were filed over five (5) years and four (4) months ago and depriving Plaintiff and her dependants of lawful permanent resident status, as well as benefits conferred there from, including the accrual of time to apply for U.S. citizenship.

16

52.    Defendant FBI owes Plaintiff and her dependants the duty to act and complete their NNCP screens and transmit "FBIQUERY System" responses and has unreasonably failed to perform these duties.

53.    Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendant FBI's inaction.


WHEREFORE, Plaintiff prays that this Honorable Court:

(1)    Compel Defendant Attorney General Mukasey and Defendant FBI Director Robert Mueller, and those acting under them, to perform their duty to complete Plaintiff and her dependants' NNCP screens and transmit "FBIQUERY System" responses to the USCIS;

(2)    Grant such other and further equitable relief as this Court deems proper under the circumstances; and

(3)    Grant attorney's fees, expenses and costs of court, pursuant to the EAJA.


Aron A. Finkelstein, Esquire
DC Federal Bar No. MD25560
Murthy Law Firm
10451 Mill Run Circle
Suite 100
Owings Mills, MD 21117
(410) 356-5440

Attorney for Plaintiff

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| USHA KIRAN VERMA | MICHAEL B. MUKASEY, US Attorney General; ROBERT S. MUELLER, III, Dir., FBI; JONATHAN SCHARFEN, Acting Dir., USCIS; PAUL E. NOVAK, Dir., Vermont Service Center, USCIS |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Murthy Law Firm<br>Aron A. Finkelstein<br>10451 Mill Run Circle, Suite 100<br>Owings Mills, MD  21117 | |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ● C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☒ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* | | |
|---|---|---|---|---|

| **Real Property** | **Bankruptcy** | **Forfeiture/Penalty** | |
|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Mandamus Action under 28 U.S.C. Sec. 1361 challenging unreasonable FBI and USCIS delay in processing background check and I-485 application

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐  **DEMAND $** ⌐ ‾ ‾ ‾ ‾ ¬ Check YES only if demanded in complaint **JURY DEMAND:** YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☒  NO ☐  If yes, please complete related case form.

DATE _____  **SIGNATURE OF ATTORNEY OF RECORD** _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed *only* if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## Table Of Exhibits

| | |
|---|---|
| Affidavit of Usha K. Verma – 04/26/2008............................................................ | Exhibit A |
| USCIS Transfer Notice for I-485 Application by Usha K. Verma – 04/29/2005... | Exhibit B |
| USCIS stamp on front of the I-485 Application of Dharmendra Kumar Verma – 12/19/2002………………………………………………………………………………… | Exhibit C |
| USCIS stamp on front of the I-485 Application of Saurabh Verma - 12/19/2002 | Exhibit D |
| USCIS stamp on front of the I-485 Application of Gaurav Verma - 12/19/2002 | Exhibit E |
| USCIS Transfer Notice for I-485 Application of Gaurav Verma – 04/29/2005 | Exhibit F |
| Biometrics Notice – 01/04/2003…………………….…………………………………. | Exhibit G |
| Biometrics Notice – 09/01/2004…………………….…………………………………. | Exhibit H |
| Letter from Richard C. Caterisano, District Director, USCIS Baltimore District Office – 09/22/2006…………………………………………………………………………. | Exhibit I |
| Interview Notice to Adjust to Permanent Resident Status – 08/29/2006……….. | Exhibit J |
| Declaration of Bradley J. Brouillette – 04/23/2007…………………………………. | Exhibit K |
| Declaration of Michael A. Cannon – 04/13/2007…………………………………… | Exhibit L |
| USCIS Status Letter for Usha K. Verma – 03/01/2005…………………….…….. | Exhibit M |
| Letter from Richard C. Caterisano, USCIS Baltimore District Director – 04/21/2006…………………………………………………………………………………. | Exhibit N |
| Letter to US Senator Benjamin L. Cardin – 08/31/07…………………………….. | Exhibit O |
| Letter from US Senator Benjamin L. Cardin – 10/01/2007…………………………. | Exhibit P |
| Reply to U.S. Senator Benjamin L. Cardin's office from USCIS……………….. | Exhibit Q |
| Letter to USCIS Ombudsman – 08/31/2007………………………….. | Exhibit R |
| Letter from USCIS Ombudsman, initiating formal inquiry – 09/13/2007……….. | Exhibit S |
| 2nd Letter to USCIS Ombudsman – 10/20/2007…………………………………… | Exhibit T |
| Letter from USCIS Ombudsman, initiating 2nd inquiry and expedite – 11/06/2007……………………………………………………………………………….. | Exhibit U |

Inquiry to USCIS Baltimore Office - 05/14/2007 - and Reply from Tyesha    Exhibit V
Kennedy, USCIS Assistant, Baltimore District Office – 05/15/2007 ..............

Letter to U.S. Senator Barbara A. Mikulski, dated August 31, 2007...............    Exhibit W

Certified Letter to avoid litigation sent to: Alberto R. Gonzalez, U.S. Attorney    Exhibit X
General; Rod J. Rosenstein, U.S. Attorney for the District of Maryland; Michael
Chertoff, Secretary of the U.S. Department of Homeland Security; Emilio T.
Gonzalez, USCIS Director; and Gregory L. Collett, USCIS District Director,
Baltimore – 06/06/2007..............................................................................

End of Exhibits

# EXHIBIT A

**State of Maryland** )
) **SSN: 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**
**County of Montgomery** )

## AFFIDAVIT

I, Usha Kiran Verma, after being duly sworn, do hereby state and affirm that:

1. I am a citizen and national of India, aged 52 years, and am competent to testify to the facts herein.

2. I currently reside at 14012 Tatani Drive, Boyds, MD 20841.

3. My date of birth is September 22, 1955, and I was born in India.

4. I filed my Form I-485 Application for Adjustment of Status, Receipt Number EAC-03-061-51306, on December 19, 2002, which has now been pending for approximately six (6) years and four (4) months.

5. My dependants filed Form I-485 Applications for Adjustment of Status as derivative adjustments with me, including my spouse, Dharmendra Kumar Verma (Receipt Number EAC-03-061-51190); my sons, Saurabh Verma (EAC-03-061-51137) and Gaurav Verma (EAC-03-061-51167).

6. Our Form I-485 Applications were transferred from the Vermont Service Center to the United States Citizenship and Immigration Services ("USCIS") Baltimore District Office at the Fallon Federal Building, 31 Hopkins Plaza, Baltimore, MD 21201, on April 29, 2005.

7. Our Form I-485 Applications have been pending since December 19, 2002, and we have completed all steps and complied with all U.S. Citizenship and Immigration Service ("USCIS") requests regarding our cases, including attending an adjustment interview on September 22, 2006, and Biometrics appointments on February 7, 2003, October 5, 2004, and September 23, 2006.

8. We have been informed by multiple U.S government sources that our I-485 Applications are being delayed because of an unreasonable agency delay in that the Federal Bureau of Investigations ("FBI") has not completed my National Name Check Program (NNCP) clearance and generated a "FBIQUERY System" response, which is required before the USCIS may adjudicate my principle I-485 Application.

9. I have made numerous requests regarding the status of our delayed I-485 Application including:

    a. Contacting the USCIS' National Customer Service Center;

    b. Contacting the USCIS Vermont Service Center;

    c.  Contacting the USCIS Baltimore District Office;

    d.  Making official inquiries with U.S. Senator Benjamin L. Cardin;

    e.  Making an official inquiry with U.S. Senator Barbara A. Mikulski;

    f.  Attending four (4) InfoPass Appointments; and

    g.  Contacting the CIS Ombudsman.

10. Despite these repeated attempts, and a delay of over nineteen (19) months, my I-485 Application has not been adjudicated, due to this FBI NNCP processing delay.

11. The FBI's unreasonable delay in completing my NNCP check is preventing me and my dependants from having our I-485 Applications adjudicated, becoming lawful permanent residents and, eventually, U.S. citizens.

I AFFIRM under penalty of perjury and upon personal knowledge that the above statements and facts are true and accurate to the best of my knowledge, information and belief.

Signature: _____
Usha Kiran Verma

Date: _____

STATE OF _____, CITY/COUNTY OF _____, TO WIT:

I HEREBY CERTIFY THAT on this ___ day of _____, 2008, before me, a Notary Public of the aforesaid State and City/County, personally appeared _____, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing instrument, who acknowledged that s/he has executed it for the purposes therein set forth.

_____
NOTARY PUBLIC

# EXHIBIT B

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>EAC-03-061-51306 | | CASE TYPE  I485    APPLICATION TO ADJUST TO PERMANENT<br>RESIDENT STATUS |
|---|---|---|
| RECEIPT DATE<br>December 19, 2002 | PRIORITY DATE | APPLICANT  A96 238 053<br>VERMA, USHA K. |
| NOTICE DATE<br>April 29, 2005 | PAGE<br>1 of 1 | |

USHA K. VERMA
14012 TATANI DR
BOYDS MD 20841-6102

**Notice Type:** Transfer Notice

# FILE COPY

Preliminary processing of the above application or petition has been completed, and it has been transferred to the INS office at:

    Fallon Federal Building, 31 Hopkins Plaza, Baltimore, MD 21201

That office will notify you when they schedule an interview on the application or petition. Any further inquiries should be made to that office.

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone: (800) 375-5283**



Form I-797C (Rev. 08/31/05) N

# EXHIBIT C

U.S. Department of Justice
Immigration and Naturalization Service

OMB No. 1115-0053
I-485, Application to Register
Permanent Residence or Adjust Status

## START HERE - Please Type or Print

### Part 1.  Information about you.

| | | |
|---|---|---|
| Family Name **VERMA.** | Given Name **DHARMENDRA** | Middle Initial **KUMAR** |

Address - C/O **USHA VERMA.**

Street Number and Name **18423. LOST KNIFE CIRCLE** Apt. # **104.**

City **MONTGOMERY VILLAGE**

| | |
|---|---|
| State **MARYLAND** | Zip Code **20886,** |
| Date of Birth (month/day/year) **08/10/51.** | Country of Birth **INDIA.** |
| Social Security # **NONE** | A # (if any) **None 9587/918** |
| Date of Last Arrival (month/day/year) **02/14/2002** | I-94 # **7990348300 09** |
| Current INS Status **B-2** | Expires on (month/day/year) **Extension application pending** |

WRCIS AT34207
12-9-02

### Part 2.  Application Type.    (Check one)

I am applying for adjustment to permanent resident status because

a. ☒ an immigrant petition giving me an immediately available immigrant visa number has been approved. (Attach a copy of the approval notice— or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. ☐ My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. ☐ I entered as a K-1 fiancé(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e) [Attach a copy of the fiance(e) petition approval notice and the marriage certificate.]

d. ☐ I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. ☐ I am a native or citizen of Cuba admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least one year.

f. ☐ I am the husband, wife, or minor unmarried child of a Cuban described in (e) and am residing with that person, and was admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least one year.

g. ☐ I have continuously resided in the U.S. since before January 1, 1972.

h. ☐ Other basis of eligibility. Explain. (If additional space is needed, use a separate piece of paper.)

I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the U.S. as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:    (Check one)

i. ☐ I am a native or citizen of Cuba and meet the description in (e), above.

j. ☐ I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

*Continued on back.*

**FOR INS USE ONLY**

| Returned | Receipt |
|---|---|
| Resubmitted | |
| Reloc Sent | |
| Reloc Rec'd | |

☐ Applicant Interviewed

**Section of Law**
☐ Sec. 209(b), INA
☐ Sec. 13, Act of 9/11/57
☐ Sec. 245, INA
☐ Sec. 249, INA
☐ Sec. 1 Act of 11/2/66
☐ Sec. 2 Act of 11/2/66
☐ Other

**Country Chargeable**

**Eligibility Under Sec. 245**
☐ Approved Visa Petition
☐ Dependent of Principal Alien
☐ Special Immigrant
☐ Other

**Preference**

**Action Block**

| To Be Completed by Attorney or Representative, if any |
|---|
| ☐ Fill in box if G-28 is attached to represent the applicant |
| VOLAG#    N/A |
| ATTY State License #    N/A |

Form I-485 (Rev. 02/07/00)N Page 1

2

# EXHIBIT D

OMB No. 1115-0053

...artment of Justice
...ation and Naturalization Service

Fo.. ...-485, Application to Register
Permanent Residence or Adjust Status

---

**START HERE - Please Type or Print**

| | FOR INS USE ONLY |
|---|---|

**Part 1. Information about you.**

Family Name: **VERMA**   Given Name: **SAURABH**   Middle Initial: **—**

Address - C/O  **USHA  VERMA**

Street Number and Name: **18423  LOST KNIFE CIR.**   Apt. #: **104**

City: **MONTGOMERY  VILLAGE**

State: **MD**   Zip Code: **20886**

Date of Birth (month/day/year): **11 03-02-89**   Country of Birth: **INDIA**

Social Security #: **None**   A # (if any): **96238055  None**

Date of Last Arrival (month/day/year): **NOV. 30. 2001**   I-94 #: **326643350   09**

Current INS Status: **B-2**   Expires on (month/day/year): **Extension application pending**

**Part 2. Application Type.**   (Check one)   **WRC15 A54254 12-9-02**

**FOR INS USE ONLY**

Returned

Receipt

Resubmitted

Reloc Sent

Reloc Rec'd

☐ Applicant Interviewed

**Section of Law**
☐ Sec. 209(b), INA
☐ Sec. 13, Act of 9/11/57
☐ Sec. 245, INA
☐ Sec. 249, INA
☐ Sec. 1 Act of 11/2/66
☐ Other

**Country Chargeable**

**Eligibility Under Sec. 245**
☐ Approved Visa Petition
☐ Dependent of Principal Alien
☐ Special Immigrant
☐ Other

**Preference**

**Action Block**

I am applying for adjustment to permanent resident status because:

a. ☐ an immigrant petition giving me an immediately available immigrant visa number has been approved. (Attach a copy of the approval notice— or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. ☐ My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an ... ...ent visa ... ... ... ... ... ... spouses and children.

c. ☐ I entered as a K-1 fiance(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiance(e) [Attach a copy of the fiance(e) petition approval notice and the marriage certificate.]

d. ☐ I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. ☐ I am a native or citizen of Cuba admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least one year.

f. ☐ I am the husband, wife, or minor unmarried child of a Cuban described in (e) and am residing with that person, and was admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least one year.

g. ☐ I have continuously resided in the U.S. since before January 1, 1972.

h. ☒ Other basis of eligibility. Explain. (If additional space is needed, use a separate piece of paper.)

_____

am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the U.S. as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:   (Check one)

i. ☐ I am a native or citizen of Cuba and meet the description in (e), above.

☐ I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

**To Be Completed by Attorney or Representative, if any**

☒ Fill in box if G-28 is attached to represent the applicant

VOLAG# **N/A**

ATTY State License # **N/A**

Form I-485 (Rev. 02/07/00)Y Page 1

# EXHIBIT E

U.S. Department of Justice
Immigration and Naturalization Service

OMB No. 1115-0053
Form I-485, Application to Register
Permanent Residence or Adjust Status

## START HERE - Please Type or Print

### Part 1. Information about you.

| | | |
|---|---|---|
| Family Name **VERMA** | Given Name **GAURAV** | Middle Initial __ |

Address - C/O **USHA VERMA**

Street Number and Name **18423 LOST KNIFE CIRCLE**    Apt. # **104**

City **MONTGOMERY VILLAGE**

State **MARYLAND**    Zip Code **20886**

Date of Birth (month/day/year) **09/08/84**    Country of Birth **INDIA**

Social Security #    A # (if any) **96238054**

Date of Last Arrival (month/day/year) **NOV-30-2001.**    I-94 # **326754488 09**

Current INS Status **B-2**    Expires on (month/day/year) **Extension application pending**

**FOR INS USE ONLY**

Returned

Resubmitted

Reloc Sent

Reloc Rec'd

12/19/2002   EAC-03-061-5116?

☐ Applicant Interviewed

### Part 2. Application Type.    (Check one)

**WAC 03 A 34254   12-9-02**

I am applying for adjustment to permanent resident status because

a. ☑ an immigrant petition giving me an immediately available immigrant visa number has been approved. (Attach a copy of the approval notice- or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. ☐ My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. ☐ I entered as a K-1 fiancé(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiancé(e). (Attach a copy of the fiancé(e) petition approval notice and the marriage certificate.)

d. ☐ I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. ☐ I am a native or citizen of Cuba admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least one year.

f. ☐ I am the husband, wife, or minor unmarried child of a Cuban described in (e) and am residing with that person, and was admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least one year.

g. ☐ I have continuously resided in the U.S. since before January 1, 1972.

h. ☐ Other basis of eligibility. Explain. (If additional space is needed, use a separate piece of paper.)

I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the U.S. as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:    (Check one)

i. ☐ I am a native or citizen of Cuba and meet the description in (e), above.

j. ☐ I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

**Section of Law**
☐ Sec. 209(b), INA
☐ Sec. 13, Act of 9/11/57
☐ Sec. 245, INA
☐ Sec. 249, INA
☐ Sec. 1 Act of 11/2/66
☐ Sec. 2 Act of 11/2/66
☐ Other _____

**Country Chargeable**

**Eligibility Under Sec. 245**
☐ Approved Visa Petition
☐ Dependent of Principal Alien
☐ Special Immigrant
☐ Other _____

**Preference**

**Action Block**

**To Be Completed by Attorney or Representative, if any**
☒ Fill in box if G-28 is attached to represent the applicant
VOLAG#    N/A
ATTY State License #    N/A

Continued on back.

Form I-485 (Rev. 02/07/00)N Page 1

2

# EXHIBIT F



| RECEIPT NUMBER | | CASE TYPE I485    APPLICATION TO ADJUST TO PERMANENT |
| --- | --- | --- |
| EAC-03-061-51167 | | RESIDENT STATUS |
| RECEIPT DATE | PRIORITY DATE | APPLICANT A96 238 054 |
| December 19, 2002 | | VERMA, GAURAV |
| NOTICE DATE | PAGE | |
| April 29, 2005 | 1 of 1 | |

GAURAV VERMA
14032 TATANI DR
BOYDS MD 20841-6102

**Notice Type:** Transfer Notice

# FILE COPY

The initial processing of the above application or petition has been completed, and it has been transferred to the USCIS office at:

    U.S. Federal Building, 31 Hopkins Plaza, Baltimore, MD 21201

That office will notify you when they schedule an interview on the application or petition. For further inquiries, you should contact that office.

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone: (800) 375-5283**



G-17

# EXHIBIT G

# THE UNITED STATES OF AMERICA

| | NOTICE DATE |
|---|---|
| Fingerprint Notification | **January 04, 2003** |

| CASE TYPE | | INS A# |
|---|---|---|
| I485 | Application To Adjust To Permanent Resident Status | A 096 238 053 |

| APPLICATION NUMBER | RECEIVED DATE | PRIORITY DATE | PAGE |
|---|---|---|---|
| FPS*002087259 | November 25, 2002 | November 25, 2002 | 1 of 1 |

APPLICANT NAME AND MAILING ADDRESS

USHA KIRAN VERMA
18423 LOST KNIFE CIR #104
MONTGOMERY VILLAGE MD  20886



To process your application, INS must take your fingerprints and have them cleared by the FBI. **PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.** If you are unable to do so, complete the bottom of this notice and return the entire original notice to the address below. **RESCHEDULING YOUR APPOINTMENT WILL DELAY YOUR APPLICATION. IF YOU FAIL TO APPEAR AS SCHEDULED BELOW OR FAIL TO REQUEST RESCHEDULING, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.**

| **APPLICATION SUPPORT CENTER** | **DATE AND TIME OF APPOINTMENT** |
|---|---|
| INS GLENMONT | 02/07/2003 |
| 12331-C GEORGIA AVE. | 08:00 AM |
| GLENMONT PLAZA | |
| WHEATON MD 20906 | |

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR FINGERPRINTS TAKEN, YOU MUST BRING:**
**1. THIS APPOINTMENT NOTICE and**
**2. PHOTO IDENTIFICATION.** Naturalization applicants must bring their Alien Registration Card.  All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID.  If you appear without proper identification, you will not be fingerprinted.

**PLEASE DISREGARD THIS NOTICE IF:**
1. YOU HAVE BEEN FINGERPRINTED WITHIN THE LAST 90 DAYS,
2. YOUR APPLICATION HAS ALREADY BEEN GRANTED, OR
3. YOU WERE UNDER 14 YEARS OF AGE OR OVER 79 (75 FOR NATURALIZATION APPLICANTS) AT THE TIME YOUR APPLICATION WAS FILED.

## REQUEST FOR RESCHEDULING

Please reschedule my appointment for the next available:  ☐ Wednesday afternoon     ☐ Saturday afternoon

INS cannot guarantee the day preferred, but will do so to the extent possible.
Upon receipt of your request, you will be provided a new appointment notice.  Please mail your request to:

INS GLENMONT
12331-C GEORGIA AVE.
GLENMONT PLAZA
WHEATON MD 20906

If you have any questions regarding this notice, please call 1-800-375-5283.     APPLICANT COPY

APPLICATION NUMBER
FPS*002087259

| WARNING! |
|---|
| *Due to limited seating availability in our lobby areas, only persons who are necessary to assist with transportation or completing the fingerprint worksheet should accompany you.* |

157422

# DBI TENPRINTER Applicant Information Worksheet (AIW)

When you have completed this worksheet, turn it into the receptionist. Have this worksheet, your appointment notification letter and picture identification available.

NAME: _VERMA_ _USHA_ _KIRAN_ _____
    Last         First         Middle         Suffix

DATE OF BIRTH: _55_ _09_ _22_    PHONE #: _240 683 0857_ _____
    Year   Month   Day

PLACE OF BIRTH: _INDIA_ _____    SEX: (Male or Female) _F_ _____

RACE: Check the most appropriate code below:

____ American Indian or Alaskan Native    ____ Black    ____ White (Hispanic also check)

_✓_ Asian or Pacific Island    ____ Unknown

HEIGHT: _5_ Feet _2_ Inches    WEIGHT: _145_ Pounds

EYE COLOR: Check the most appropriate code below:

_✓_ Black _✓_ Brown ____ Green ____ Gray ____ Pink ____ Hazel ____ Blue ____ Maroon

HAIR COLOR: Check the most appropriate code below:

_✓_ Black ____ Bald ____ White ____ Sandy ____ Red ____ Gray ____ Blonde ____ Brown

COUNTRY OF CITIZENSHIP: _INDIA_ _____

SOCIAL SECURITY NUMBER: _____

ALIEN REGISTRATION NUMBER: A _096 0235 (15)_ _____

LIST ANY OTHER NAMES YOU HAVE USED:

_____
    Last         First         Middle         Suffix

RESIDENCE ADDRESS:

_18423 Lost Knoll Circle_ _#106_ _Mont View_ _MD_ _20886_
    Street number and name    Apartment #    City    State    Zip Code

REASON FOR FINGERPRINT APPLICATION: (I-485, I-589, I-600, I-821, N-400): _I 485_ _____

| LOCAL AIW STAMP |
| --- |
| FD-258 Completed at INS/ASC __XBB / GLENMONT__ |
| On: **FEB 7 - 2008** By: _____ |
| QC Check Completed By: _____ |

# EXHIBIT H

# Fingerprint Notification

| | NOTICE DATE |
| --- | --- |
| | 09/01/2004 |

| CASE TYPE | SOCIAL SECURITY NUMBER | USCIS A# |
| --- | --- | --- |
| I485 Application to Register Permanent Resident or Adjust Status | | A096238053 |

| APPLICATION NUMBER | SERVICE CENTER | PAGE |
| --- | --- | --- |
| EAC0306151306 | ESC | 1 of 1 |

APPLICANT NAME AND MAILING ADDRESS

USHA VERMA
18423 LOST KNIFE CIR #104
MONTGOMERY VILLAGE, MD 20886

To process your application, the U.S. Citizenship & Immigration Services (USCIS) must take your fingerprints and have them cleared by the FBI. **PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.**
If you are unable to do so, complete the bottom of this notice and return the entire original notice to the address below.
**RESCHEDULING YOUR APPOINTMENT WILL DELAY YOUR APPLICATION. IF YOU FAIL TO APPEAR AS SCHEDULED BELOW AND FAIL TO REQUEST RESCHEDULING, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.**

| APPLICATION SUPPORT CENTER | DATE AND TIME OF APPOINTMENT |
| --- | --- |
| USCIS GLENMONT | 09/07/2004 |
| 12331-C GEORGIA AVE. | 9:00 AM |
| GLENMONT PLAZA | |
| WHEATON, MD 20906 | |

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR FINGERPRINTS TAKEN, YOU MUST BRING:**
1. **THIS APPOINTMENT NOTICE** and
2. **PHOTO IDENTIFICATION.** Naturalization applicants must bring their Alien Registration Card. All other applicants must bring a passport, driver's license, national ID, military ID, or State issued photo ID. If you appear without proper identification, you may not be fingerprinted.

**PLEASE DISREGARD THIS NOTICE IF YOUR APPLICATION HAS ALREADY BEEN GRANTED.**

### REQUEST FOR RESCHEDULING

Please reschedule my appointment for the next available: ☐ Wednesday afternoon ☐ Saturday afternoon

U.S. Citizenship & Immigration Services (USCIS) cannot guarantee the day preferred, but will do so to the extent possible.
Upon receipt of your request, you will be provided a new appointment notice. Please mail your request to:

USCIS GLENMONT
12331-C GEORGIA AVE.
GLENMONT PLAZA
WHEATON, MD 20906

If you have any questions regarding this notice, please call 1-800-375-5283.

APPLICATION NUMBER
EAC0306151306

APPLICANT COPY

### WARNING!

*Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the fingerprint worksheet should accompany you.*

*If you have open wounds or bandages/casts when you appear, the USCIS may reschedule your appointment if it is determined your injuries may interfere with fingerprinting.*



## _WELCOME TO THE GLENMONT CIS / ASC XBB_

Please have this worksheet, your appointment notification letter and picture identification available. You will be called by your assigned number.

NAME: _VERMA_ _____ _ISHA_ _____ _KIRAN_ _____ _____
       Last            First          Middle        Suffix

DATE OF BIRTH: _22_ __ _09_ __ _1985_ PHONE #: _301 546 6041_
          Day    Month    Year

PLACE OF BIRTH: _JODHPUR INDIA_ SEX: (Male or Female)_ _F_

RACE: Check the most appropriate code below:

____ American Indian or Alaskan Native    ____ Black    ____ White (Hispanic also check)

_✓_ Asian or Pacific Island        ____ Unknown

HEIGHT: _5_ Feet _2_ inches           WEIGHT: _102_ Pounds

EYE COLOR: Check the most appropriate code below:

_✓_Brown ____Green ____Gray ___Pink ___Hazel ___Blue ____Maroon

HAIR COLOR: Check the most appropriate code below:

_✓_Black ____Bald ____White ____Sandy ___Red ___Gray ___Blonde ____Brown

COUNTRY OF CITIZENSHIP: _INDIA_

SOCIAL SECURITY NUMBER: _2 12_ -- _67_ -- _8503_

ALIEN REGISTRATION NUMBER: A _096 23 8055_

LIST ANY OTHER NAMES YOU HAVE USED:

_____
      Last            First         Middle        Suffix

RESIDENCE ADDRESS:

_14012_ ____ _TATANI DR_ ____ _BOYDS_ _MD_ _20841_
Street number and name     Apartment #     City    State    Zip Code

REASON FOR FINGERPRINT APPLICATION: (I-485, I-589, I-600, I-821, N-400): _____

| LOCAL AIW STAMP |
| --- |
| FD-258 Completed at USCIS/ASC **XBB GLENMONT** |
| On: **OCT 5 2004** By: _____ |
| QC Check Completed By: |

# EXHIBIT I



**U.S. Department of Homeland Security**
**U.S. Citizenship and Immigration Services**
**Fallon Federal Building**
**31 Hopkins Plaza**
**Baltimore, Maryland 21201**

September 22, 2006

Usha Verma
14012 Tatani Drive
Boyds, MD 20841

**A96 238 053**

Dear Sir/Madam:

This letter relates to **your Form I-485, Application to Register Permanent Resident or Adjust Status,** which you filed with this Service. A new set of fingerprints is required for you, as your fingerprints on record have expired. According to newly published procedures, your application cannot be completed until your new set of fingerprints have been cleared by the Federal Bureau of Investigations (FBI).

Therefore, we are requesting that you come to the *fingerprint facility within the next 90 days* to have a new set of fingerprints completed. The sooner you come in, the sooner your application/petition can be completed .

Our facility features the latest in fingerprinting equipment. This equipment is especially useful for persons who have a difficult time obtaining clear, readable fingerprints.

***YOU MUST APPEAR AT ANY ONE OF THE FOLLOWING:***
Baltimore District Collocated ASC: Fallon Federal Building, 31Hopkins Plaza 1st Floor Baltimore Maryland  21202. The hours of operation are Monday-Thursday 8:00 AM - 3:45 PM and Friday until 1:00pm.

The Salisbury Application Support Center: 119 W. Naylor Mill Road, Salisbury, MD 21801. The hours of operation are Monday through Friday 8:00 AM - 4:00 PM.

The Glenmont Application Support Center: Glenmont Plaza. 12331-C Georgia Ave. Wheaton, MD 20906. The hours of operation are Tuesday through Saturday 8:00 AM - 4:00 PM.

| X | Code 1 | | Code 2 | | Code 3 |
|---|--------|---|--------|---|--------|
| | (Fingerprints Only) | | (Biometrics Only) | | (Both fingerprints & biometrics) |

*You must bring this letter* and picture ID, such as your passport, driver's license, employment authorization card, or some other INS or state issued photo ID (*We cannot fingerprint persons without proper proof of identity*).

**Please be advised that if you fail to come in to have a new set of fingerprints taken within 12 weeks of the date of this letter, your application/petition will be deemed to have been abandoned and all action on it by the Service will be terminated.**

Sincerely

Richard C. Caterisano
District Director
cc:

BIOMETRICS PROCESSING STAMP
ASC SITE CODE:
BIOMETRICS QA REVIEW BY:
ON
TENPRINTS QA REVIEW BY:
ON

# EXHIBIT J

Department of Homeland Security
U.S. Citizenship and Immigration

I-797C, Notice of Action

# THE UNITED STATES OF AMERICA

| File Number: | | Case Type: | I-485 APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|---|---|
| A96 238 053 | | | |
| Receipt Date: | Priority Date: | Applicant: | |
| November 25, 2002 | April 13, 2001 | | Verma, Usha |
| Date of Notice: | Page 1 of 1 | | |
| August 29, 2006 | | | |

Notice Type:   Interview Notice

Usha Kiran Verma
14012 Tatani Drive
Boyds, MD  20841

An interview appointment regarding eligibility in this case has been scheduled for the following place, date and time:

Place:   31 Hopkins Plaza, 103, Baltimore, Maryland 21201

Date of Appointment:   September 22, 2006

Time of Appointment:   1:30 pm

Officer:   B

Note: Parking in the downtown area is limited and building security is strict; therefore, you should plan to arrive at least 1 ½ hour before your scheduled appointment time to avoid missing your appointment.

This interview is a necessary part of determining eligibility in this matter. Each applicant or petitioner listed above or included in this case should appear for this interview. They should bring this notice, and photo identification, such as a passport or driver's license with them to this interview.

If copies of a document were submitted as evidence with this application or petition, the originals of those documents should be brought to the interview. If any other documents are required, they will be listed in an attachment to this notice. You may also bring any other documents (original plus a copy that we may retain) of any other evidence you wish to bring to establish eligibility for this immigration benefit.

Please also bring the specific items checked off below to your interview:

☐ The attached Form G325A (completed and signed).

☐ The attached Form I-864 (completed, signed and notarized).

☐ Two photographs (see attached for specifications).

☐ Your Birth Certificate or other evidence of birth.

☑ The items listed on the attached sheet.

☑ Driver's License or other photo identification.

cc:   Mumtaz A. Wani
7777 Leesburg Pike Suite 308N
Falls Church, VA  22043

Please make every effort to keep this appointment. If you cannot, please return this letter immediately with your explanation and a request for a new appointment date. Please be advised that should you fail to appear for your scheduled interview or to request that your appointment be rescheduled, your application or petition will be deemed abandoned and all action thereon terminated, pursuant to current Service policy.

Please see additional information on the back. You will be notified separately about any other cases you filed.

U.S. Citizenship and Immigration Services
31 Hopkins Plaza
Baltimore, Maryland  21201

Customer Service Telephone   (800) 375-5283

A 9 6 2 3 8 0 5 3

Form I-797C (Rev. 01/31/05) N

# EXHIBIT K

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Zaigang Liu,

   Plaintiff,

  vs.

Paul Novak, Director, Vermont Service Center )
U.S Department of Homeland Security, U.S.
Citizenship and Immigration Services; Emilio
Gonzalez, Director, U.S. Citizenship and
Immigration Services; Robert S. Mueller, III,
Director, Federal Bureau of Investigation,

   Defendants

Case No.: 1:07CV00263

Declaration of Bradley J. Brouillette

I, BRADLEY J. BROUILLETTE declare as follows:

1. I am employed by the United States Citizenship and Immigration Services (hereinafter "USCIS") as a Supervisory Center Adjudications Officer at the Vermont Service Center (hereinafter "VSC"), in St. Albans, Vermont. I have held this position since December 2003. I have been employed by the agency in various capacities since November 1995. I make this declaration based on my personal knowledge and my review of official documents and records maintained by the USCIS. If called to testify, I could and would do so competently.

2. This declaration is submitted in support of Defendants' motion to dismiss in the case of Zaigang Liu v. Novak et al., 1:07CV00263, now pending before the United States District Court for the District of Columbia. It provides a factual summary of the agency's adjudication policy as well as a review of the plaintiff's file.

1

3.    When a visa petition or other application seeking an immigration benefit on behalf of an alien is filed with USCIS, the agency conducts numerous mandatory criminal and national security background checks. These checks are conducted both to enhance national security and ensure the integrity of the immigration process. These security and background checks serve to screen out aliens who may seek to harm the United States and its citizens or who may be seeking immigration benefits improperly or fraudulently. These security checks have yielded information about applicants involved in violent crimes, sex crimes, crimes against children, drug trafficking and individuals with known links to terrorism. Pursuant to established agency policy, all required security checks must be completed prior to adjudication of the application.

4.    The attached Fact Sheet explains the different types of checks that must be completed. (See Fact Sheet, dated April 25, 2006, a true and correct copy of which is attached hereto as Exhibit 1). The checks include the FBI Name Check, FBI fingerprint check, and the DHS-managed Interagency Border Inspection System (IBIS). The records maintained in the FBI name check process consist of administrative, applicant, criminal, personnel and other files compiled by law enforcement agencies. Although in the majority of FBI name checks no matches are found, some cases involve complex or highly sensitive information and cannot be resolved quickly. The IBIS system contains records and information from more than 20 federal law enforcement and intelligence agencies including the Central Intelligence Agency (CIA), FBI and other divisions of the U.S. Department of Justice, the Department of State, DHS Customs and Border Protection (CBP) and other DHS agencies. It is a multi-agency effort with a central system that combines information from these various sources and databases to compile information regarding national security risks, public safety concerns, and other law enforcement concerns. IBIS provides, but is not limited to, information related to persons who are wanted criminals, persons of interest in the context of national security, and other derogatory information, including adverse immigration history. While the

2

results of an IBIS query are usually available immediately, in some cases information found will require further investigation. Finally, FBI fingerprint checks provide information relating to criminal background within the United States. Results are usually received within days and while the vast majority results in no criminal record, positive results may have a direct bearing on the eligibility of an applicant for the immigration benefit being sought.

5. Once USCIS receives an I-485 a file is opened and an electronic record of that application is created. Much of this initial electronic processing and data entry is automated, including the automatic generation and electronic transmission of a FBI name check request in FBIQUERY, the FBI repository and tracking system for FBI Name Check requests. Once the initial file creation and processing of an I-485 application is complete, each file is placed on an I-485 pending shelf for processing and adjudication in chronological order according to date of receipt.

6. Due to bi-specialization, the VSC no longer accepts any new I-485 applications. All pending cases being held for FBI name and date of birth check clearance and Visa Availability have been sent to the Texas Service Center. The VSC has retained approximately 15,000 pending cases in which the adjudicative process had already begun and the adjudication of those cases will be completed at the VSC.

7. VSC periodically runs an electronic report in FBIQUERY system for all files on the I-485 pending shelf to confirm the successful transmission of the FBI Name Check request and to identify those applications that have received responses from the FBI name checks and FD-258 (fingerprints) and are thus ready for adjudication. FBI name check requests that have been received by the FBI but have not yet been completed are indicated by a notation of "Pending" in FBIQUERY. An FBI Name Check that has been completed will

1   be indicated by various entries depending on the result, including No Record, Positive

2   Response, etc.

3   8.  This report will also identify those I-485 applications that have received a "No Data" or

4   "Error" response in FBIQUERY indicating a problem with transmission of the name

5   check request from USCIS to the FBI. If such a problem is reported, the FBI name check

6   requests will then be initiated a second time and resent manually or electronically to the

7   FBI for a response. In this way USCIS ensures that the FBI has in fact received all

8   requests for name checks.

9

10  9.  All files on the FBI Name Check Shelf are audited regularly in order to identify those in

11  which a response from the FBI has been received. This audit is conducted at least every

12  three weeks or more often. In this manner the agency ensures that as FBI responses are

13  received, files are expeditiously released for adjudication. FBIQUERY reports do not

14  provide USCIS with any indication as to what information the FBI may have relating to a

15  particular alien, whether an FBI investigation into the particular alien has been

16  undertaken, or whether there are national security concerns relating to that alien.

17

18  10. For most applicants, USCIS can quickly determine if there are criminal or security

19  related issues in the applicant's background that affect eligibility for immigration

20  benefits. However, due both to the sheer volume of security checks USCIS conducts,

21  and the fact that USCIS must await responses from the FBI or other relevant agencies

22  that conduct some of the required security checks, some delays on individual

23  applications are unavoidable and may be lengthy. Moreover, in some cases a

24  background or security check will reveal that positive (derogatory) information on the

25  subject alien is possessed by some agency other than USCIS without necessarily

26  revealing the substance of that information. In such cases, USCIS works closely with

27  the other law enforcement or intelligence agencies to obtain all available information

4

concerning the positive result in order to properly evaluate its significance. Even where the FBI or a third agency has provided a final response, a case may still be considered pending where the response requires further investigation or review by USCIS or another agency. It is vitally important to thoroughly screen each applicant in order to resolve all concerns of a law enforcement or national security nature before determining that an individual is eligible for an immigration benefit.

11.  The agency's policy for requesting expedited security checks requires that the applicant meet one of the following criteria:

1. Military Deployment.

2. Age-out cases not covered by the Child Status Protection Act and applications affected by sunset provisions such as the Diversity Visa Program.

3. Compelling reasons provided by the requesting office such as critical medical conditions.

4. Loss of Social Security benefits or other subsistence at the discretion of the Director.

U.S. Citizenship and Immigration Services (USCIS) is no longer routinely requesting the FBI to expedite a name check when the only reason for the request is that a mandamus (or other federal court petition) is filed in the case

12.  USCIS reports the average processing times for specific applications and petitions on the USCIS website. This information reflects only average processing times on the date the information is published. Average processing times fluctuate widely and will sometimes even regress for a specific form type due to a number of factors, including a reallocation of agency resources, reordering of the agency's priorities, and other reasons. Additionally, not every application will require the same level of inquiry. Some may

5

require a more detailed level of review and or investigation from either the USCIS or other agencies for a number of reasons ranging from the alien's eligibility for the benefit sought to national security concerns. Accordingly, even when it appears that the adjudication of a particular application is outside the average processing time, this does not establish that the delay is unreasonable or even due to factors within the control of USCIS.

13.  The FBI has an established process of processing FBI Name Check requests from USCIS chronologically based on the date the request is forwarded. As stated above, certain requests can be expedited if they meet specific expedite criteria. However, it is important to note that whenever a particular application or petition receives expedited processing and is moved up in the queue, it is at the expense of those still unadjudicated petitions or applications that bear an earlier filing date. There is no statutory or regulatory time limit for the adjudication of I-485s. Moreover, an alien who has applied for adjustment of status may apply for and obtain employment authorization for the entire time his or her application is pending. Most applicants for adjustment of status may also apply for and obtain advance parole to enable them to travel abroad during the pendency of their application. Thus, applicants for adjustment of status are not as adversely affected by delays in the adjudication of their applications as are aliens filing for other immigration benefits.

14.  In my capacity as a Supervisory Center Adjudications Officer at the VSC, I have access to the official files and records of the USCIS. I have reviewed the system records for plaintiff LIU, Zaigang, A97 486 586. The record reflects that on July 23, 2003, plaintiff Liu filed an application for adjustment of status to permanent resident on Form I-485.

Plaintiff seeks adjustment as a derivative beneficiary on an approved I-140 employment based visa petition for his spouse Lu Zhang. To date, plaintiff's application remains pending the completion of security checks. Once the required security checks are completed, the plaintiff's application will be adjudicated.

15. Because the plaintiff's case does not meet one of the above mentioned expedite criteria, the agency is unable to request an expedite of the security check clearance on his behalf. For this reason the USCIS cannot adjudicate plaintiff's I-485 application for adjustment of status until such time as all security checks are complete.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of April, 2007 at St. Albans, Vermont.

Bradley J. Brouillette
Supervisory Center Adjudications Officer
Vermont Service Center

# EXHIBIT L

APR-20-2007  16:24    FBI/OGC                          202 220 9347    P.002

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ZIAGANG LIU,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    Case No:
                                      )    07-CV-00263
PAUL NOVAK,                           )
            et al.,                   )
                                      )
            Defendants.               )

## DECLARATION OF MICHAEL A. CANNON

Michael A. Cannon, pursuant to 28 U.S.C. § 1746, declares the following:

(1)    I am currently the Section Chief of the National Name Check Program

Section at the Headquarters of the Federal Bureau of Investigation ("FBI") in Washington, D.C.

I have held that position since March 7, 2005.

(2)    In my current capacity as Section Chief, I supervise the National Name

Check Units. The statements contained in this declaration are based upon my personal

knowledge, upon information provided to me in my official capacity, and upon conclusions and

determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures

followed by the FBI in responding to requests for information from its files pursuant to the policy

and the procedures of the United States Citizenship and Immigration Services ("USCIS").

Specifically, I am aware of the name check request for Zaigang Liu, the plaintiff in this civil

action.

## NATIONAL NAME CHECK PROGRAM

(4)    The National Name Check Program ("Program") has the mission of

disseminating information from the FBI's Central Records System in response to requests

submitted by federal agencies, congressional committees, the federal judiciary, friendly foreign

APR-20-2007  16:54       FBI/OGC                    202 220 9347    P.003

police and intelligence agencies, and state and local criminal justice agencies. The Central Records System ("CRS") contains the FBI's administrative, personnel, and investigative files. The Program has its genesis in Executive Order No. 10450, issued during the Eisenhower Administration. That executive order addresses personnel security issues and mandates National Agency Checks as part of the pre-employment vetting and background investigation process for prospective Government employees. The FBI performs the primary National Agency Check conducted on all United States Government employees. From this modest beginning, the Program has grown exponentially, with more and more customers seeking background information from FBI files on individuals before bestowing a privilege, such as Government employment or an appointment, a security clearance, attendance at a White House function, a "green card" or naturalization, admission to the bar, or a visa. More than 70 federal, state, and local agencies regularly request FBI name searches. In addition to serving our regular Government customers, the FBI conducts numerous name searches in direct support of the FBI's counterintelligence, counterterrorism, and homeland security efforts.

## EXPLANATION OF THE CENTRAL RECORDS SYSTEM

(5)     The FBI's CRS enables the FBI to maintain all information which it has acquired in the course of fulfilling mandated law enforcement responsibilities. The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. This system consists of a numerical sequence of files broken down according to subject matter. The subject matter of a file may relate to an individual, organization, company, publication, activity, or foreign intelligence matter. Certain records in the system are maintained at FBI Headquarters. Records which are pertinent to specific FBI Field Offices are mostly maintained at those Field Offices.

(6)     FBI Headquarters and each Field Division can access the CRS through the FBI's General Indices. The General Indices are arranged in alphabetical order and consist of indices on various subjects, including the names of individuals and organizations. Only the information considered pertinent, relevant, or essential for future retrieval is indexed.

2

(7)    Communications directed to FBI Headquarters from various Field Offices and Legal Attaches are filed in the pertinent case files and indexed to the names of individuals, groups, or organizations which are listed in the case captions or titles as subjects, suspects, or victims. Searches made in the index to locate records concerning particular subjects are made by searching the name of the subject requested in the index.

(8)    The entries in the General Indices fall into two categories:

(a)    "main" entries – entries that carry the name corresponding with the subject of a file contained in the CRS.

(b)    "reference" entries – entries (sometimes called "cross-references") that generally only mention or reference an individual, organization, etc., that is contained in a document" located in another "main" file.

(9)    In 1995, the FBI implemented the Automated Case Support ("ACS") system for its Headquarters, Field Offices, and Legal Attaches. More than 105 million records were converted from automated systems previously utilized by the FBI. The ACS system consists of the following three automated applications that support case management functions for all investigative and administrative cases:

(a)    Investigative Case Management: This application provides the ability to open, assign, and close investigative and administrative cases as well as to set, assign, and track leads. A case is opened by the Office of Origin, which sets leads for itself and other field offices, as needed. The offices that receive the leads are referred to as Lead Offices. When a case is opened, it is assigned a Universal Case File Number, which is utilized by FBI Headquarters and all offices conducting or assisting in the investigation. Using fictitious file number "111-HQ-12345" as an example, an explanation of the Universal Case File Number is as follows: "111" indicates the classification for that specific type of investigation; "HQ" is the abbreviated form used for the Office of Origin of the investigation (in this case, FBI Headquarters); and "12345" indicates the individual case file number for that particular investigation.

(b)    Electronic Case File: This application serves as the central electronic repository for the FBI's official text-based documents. It supports the universal serial concept, where only the creator of a document serializes it into a file, providing single source entry of serials into the

3

computerized system. All serials originated by the Office of Origin are maintained in the Office of Origin's case file.

(c)  Universal Index: This application, sometimes referred to as "UNI", continues the universal concepts of the ACS system by providing a complete subject/case index to all investigative and administrative cases. Only the Office of Origin is required to index. However, the Lead Offices may index additional information as needed. The Universal Index, which consists of an index of approximately 98.2 million records, functions to index names to cases, and to search names and cases for use in the FBI investigative and administrative cases. Names of individuals or entities are recorded with identifying information such as the date or place of birth, race, sex, locality, social security number, address, or date of event.

(10)  The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the investigative FBI Special Agent, the supervisor in the field division conducting the investigation, and the supervising FBI Special Agent at FBI Headquarters. The FBI does not index every name in its files, but indexes only that information considered pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this mass information, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter.

(11)  When the FBI searches a person's name, the name is electronically checked against the FBI's Universal Index. The searches seek all instances of the individual's name, social security number, and dates close to his or her date of birth, whether a main file or reference. As previously stated, any "main" file name would be that of an individual who is, himself or herself, the subject of an FBI investigation, whereas any "reference" would be an individual whose name appears as part of an FBI investigation. For example, "references" include associates, witnesses, or conspirators. Additionally, there may be a myriad of other

4

APR-20-2007  15:25      FBI/OGC                                202 220 9347    P.006

reasons to explain why an FBI Special Agent conducting an investigation believed it important to include a particular name in the FBI's index for later recovery. The names are searched in a multitude of combinations, switching the order of first, last, and middle names, as well as combinations with only the first and last names, first and middle names, and so on. The Program application searches names phonetically against the Universal Index records and retrieves similar spelling variations (which is especially important considering that many names in our indices have been transliterated from a language other than English).

 (12) If there is a match with a name in a FBI record, it is designated as a "Hit," meaning that the system has stopped on a possible match with the name being checked. If a search comes up with a match to a name and either a birth date or social security number, it is designated an "Ident."

## RESOLUTION RATE

 (13) Historically, approximately 68 percent of the name checks submitted by USCIS are electronically checked and returned to USCIS as having "No Record" within 48-72 hours. A "No Record" indicates that the FBI's Universal Index database contains no identifiable information regarding a particular individual. Duplicate submissions (i.e., identically spelled names with identical dates of birth and other identical information submitted while the original submission is still pending) are not checked, and the duplicate findings are returned to USCIS within 48-72 hours.

 (14) For the name check requests that are still pending after the initial electronic check, additional review is required. A secondary manual name search completed typically within 30-60 days historically identifies an additional 22 percent of the USCIS requests as having "No Record," for a 90 percent overall "No Record" response rate. The results of this 22 percent also are returned to USCIS. The remaining 10 percent are identified as possibly being the subject of an FBI record. At that point, the FBI record must be retrieved and reviewed. If the record was electronically uploaded into the FBI's ACS electronic record-keeping system, it can be reviewed quickly. If not, however, the relevant information must be retrieved from an

APR-20-2007  16:25     FBI/OGC                                202 320 9347    P.007

existing paper record. Review of this information will determine whether the information is identified with the request. If the information is not identified with the request, the request is closed as a "No Record" and USCIS is so notified.

(15)    Once a record is retrieved, the FBI reviews the file for possible derogatory information. Less than one percent of USCIS's requests are identified with a file containing possible derogatory information. If appropriate, the FBI forwards a summary of the derogatory information to USCIS.

## GROWTH OF THE NAME CHECK PROGRAM

(16)    Prior to September 11, 2001, the FBI processed approximately 2.5 million name check requests per year. As a result of the FBI's post-9/11 counterterrorism efforts, the number of FBI name checks has grown. For fiscal year 2006, the FBI processed in excess of 3.4 million name checks.

## USCIS NAME CHECK REQUESTS

(17)    In November 2002, heightened national security concerns prompted a review of the former Immigration and Naturalization Service's ("INS's") procedures for investigating the backgrounds of individuals seeking immigration benefits. It was determined that deeper, more detailed clearance procedures were required to protect the people and the interests of the United States effectively. One of the procedures identified was the FBI's name check clearance. Before November 2002, only those "main" files that could be positively identified with an individual were considered responsive to the immigration authorities name check requests. However, because that approach ran a risk of missing a match to a possible derogatory record, the FBI altered its search criteria to include "reference" files, as well. From a processing standpoint, this meant the FBI was required to review many more files in response to each individual background check request.

(18)    In December of 2002 and January of 2003, the former INS resubmitted 2.7 million name check requests to the FBI for background investigations of all individuals with then-pending applications for immigrations benefits for which the Immigration and Nationality

6

Act required background investigations. Those 2.7 million requests were in addition to the regular submissions by the former INS. Currently, the FBI has returned an initial response to all 2.7 million resubmitted requests. Moreover, although many of the FBI's initial responses to those resubmitted requests indicated that the FBI had no information relating to the specific individual who was the subject of the request, approximately 16 percent – or over 440,000 – resubmitted requests indicated that the FBI may have information relating to the subject of the inquiry. The FBI is still in the process of resolving those 440,000 requests.

(19)    The FBI's processing of those 440,000 resubmissions has delayed the processing of regular submissions from USCIS. As directed by USCIS, the FBI processes name check requests on a "first-in, first-out" basis unless USCIS directs that a particular name check be expedited.

(20)    The FBI cannot provide a specific or general time frame for completing any particular name check submitted by USCIS. The processing of name checks, including those which are expedited, depends upon a number of factors, including where in the processing queue the name check lies; the workload of the analyst processing the name check; the volume of priority checks the analyst must process for, among others, military call-ups, medical emergencies, "age-outs," or immigration "lottery" winners; the number of "Hits," (i.e., possible matches) that must be retrieved, reviewed and resolved; the number of records from various Field Offices that must be retrieved, reviewed and resolved; and, more generally, the staff and resources available to conduct the checks. While the FBI is sensitive to the impact of the delays in processing name check requests, the consequence of the FBI's mission on homeland security requires that its name check process be primarily focused on providing accurate and thorough results. When the name check is completed, the FBI provides the results to USCIS as quickly as possible.

(21)    It is important to note that the FBI does not adjudicate applications for benefits under the Immigration and Nationality Act. If appropriate, the FBI generally provides a summary of available information to USCIS for its adjudication process.

7

## PLAINTIFF'S NAME CHECK REQUEST

(22)    The name check request for plaintiff Zaigang Liu was received by the FBI from USCIS on or about March 30, 2004, and has not been completed. The FBI is performing its check in response to USCIS's request in accordance with procedures outlined above. The results of the name check will be forwarded to USCIS in Washington, D.C., in due course, in accordance with the FBI's normal protocol.

(23)    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this _13th_ day of April 2007.

MICHAEL A. CANNON
Section Chief
National Name Check Program Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

8

# EXHIBIT M



**U.S. Department of Homeland Security**
Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479-0001

**U.S. Citizenship
and Immigration
Services**

March 1, 2005

USHA VERMA
14012 TATANI DR
BOYDS MD 20841-6102

Dear Usha Verma:

On 01/26/2005 you, or the designated representative shown below, contacted USCIS about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Person who contacted us:** | MUMTAZ WANI |
| **Case type:** | I-485 EMPLOYMENT BASED |
| **Filing date:** | 11/25/2002 |
| **Type of Service Requested:** | CASE STATUS |
| **Receipt number:** | EAC0306151306 |
| **Beneficiary:** | |

The status of this service request is:

The processing of your petition/application has been delayed. We are awaiting further information from another office to assist us in the final adjudication of this case. As soon as this information is received, processing will continue on this case.

For future status inquiries of a petition or application filed at this Center, or for live assistance from an Information Officer, you may want to utilize our automated phone system by calling (800) 375-5283. If you would like to obtain forms or filing instructions please visit our web site at www.uscis.gov (forms can be downloaded from this site).

Please remember that every person over the age of 14 who is not a U.S. citizen or in "A" or "G" nonimmigrant status must also notify the Department of Homeland Security within 10 days from when they move. To do this, please complete and mail in form AR-11. Where possible, please provide an A-number or other identifying numbers. You must complete the Form AR-11 and mail to the London, KY address. Failure to complete all applicable sections may delay processing of the form. Please disregard this notice if you have submitted an AR-11 form to DHS/USCIS within the last two weeks to the London, KY address.

Sincerely,

*Paul E. Novak Jr.*

Paul E. Novak, Jr.
Center Director

# EXHIBIT N

2+2= #357X

U.S. Department of Homeland Security



U.S. Citizenship
and Immigration
Services

April 21, 2006

*Baltimore District Office*
*31 Hopkins Plaza*
*Baltimore Maryland 21201*

Usha Kiran Verma
14012 Tatani Drive
Boyds, MD  20841

A96 238 053

## NOTICE OF RECEIPT OF I-72 INFORMATION

Dear Sir/Madam:

This notice is to acknowledge the receipt of the additional documentation you submitted in support of your Application for Permanent Residence, Form I-485. This information has been given to an officer of this Service for review and you should be receiving either further instructions, or a final decision on your case soon.

Currently such applications are taking 240 days to complete. As such, it is requested that you not contact this office unless you have not received notice of the final adjudication on your your application by December 17, 2006.

Please make sure that you notify this office at the address above if you have changed your address. Make sure you include your Alien Registration Receipt Number (File Number) on any correspondence you send to us.

Sincerely

Richard C. Caterisano
District Director

cc:  Mumtaz A. Wani
     7777 Leesburg Pike Suite 308N
     Falls Church, VA  22043

A 9 6 2 3 8 0 5 3

T1N - 0150

# EXHIBIT O

# USHA VERMA

14012 TATANI DRIVE, BOYDS, MD 20841

TEL : 301 540 6066

Dated: August 31, 2007

Senator Benjamin L Cardin,
509 Hart Senate Office Building,
Washington DC 20510

Sir,

I seek your help in getting a matter with USCIS resolved.

This pertains to my I-485 application, filed in November 2002. It is almost 5 years that the original application was submitted in Nov. 2002, and steering it thru all objections/ enquiries raised by the USCIS, and keep the family "in-status" all the time. **The USCIS offices at Baltimore now say that my file has gone amiss, and they cannot do anything about it. After my last 3-4 visits to the Baltimore, the USCIS representative at the counter finally told me "Keep on coming, and we will keep you giving the same answer".**

Because of this situation, my family and I are going thru agony, mental torture and extreme financial burden. So far, we have struggled hard to keep ourselves in status, and I wonder what will the CIS's response to my fresh applications for renewal of current permissions be, in view of their inability to find my files.

I have sent a similar letter to the USCIS Ombudsman's office, and enclosing a copy of the full set I have sent there. I am also enclosing a chronology of events, and a complete set of my case file provided by the USCIS when I made a request under FOIA.

Having exhausted all other avenues, I feel **THIS IS A MATTER WHICH DOES NEED YOUR IMMEDIATE INTERVENTION.**

Should you require any further information, I shall be glad to submit that, and, I thank you very much while expecting your help to solve the dilemma.

Yours sincerely,


USHA VERMA

# EXHIBIT P

BENJAMIN L. CARDIN
UNITED STATES SENATOR
MARYLAND

# United States Senate
## Washington, DC 20510-2004
October 1, 2007

Mrs. Usha Verma
14012 Tatani Drive
Boyds, Maryland 20841

Dear Mrs. Verma:

Enclosed please find a copy of the reply I have received from U.S. Citizenship and Immigration Services, Baltimore District Office regarding the inquiry I made on your behalf.

I regret that the reply from U.S. Citizenship and Immigration Services, Baltimore District Office could not have been more favorable. However, I hope the information provided is helpful to you in understanding the agency's position.

Please do not hesitate to contact my office if you feel we can be of additional assistance. Best wishes.

Sincerely,

Benjamin L. Cardin
United States Senator

BC: jr
Enclosure

Reply To:

☐ 509 Hart Senate Office Building
Washington, DC 20510-2004
(202) 224-4524
www.cardin.senate.gov

Printed on
Recycled Paper

Reply To:

☐ Tower 1 Suite 1710
100 S. Charles Street
Baltimore, MD 21201
(410) 962-4436

**EXHIBIT Q**

Reference is made to your congressional inquiry regarding Usha Verma, Service file number A96238053. Specifically, you are requesting to know the status of Mrs. Verma's Application to Register Permanent Resident or Adjust Status, Form I-485.

Review of Mrs. Verma's Service record reflects that her case contains certain complexities that must be resolved before we may proceed with her application. Please be advised that review of such cases often requires that processing of the case extend beyond the normal processing time frames. You will receive written notification from this office once a notice of action or final decision is issued on Mrs. Verma's application.

Please be advised that this office is not at liberty to specify the complex issue(s). Please know that this office is taking all steps to insure that these issues are resolved as soon as possible.

Thank you for the opportunity to assist you in this matter.

# EXHIBIT R

# USHA VERMA
14012 TATANI DRIVE, BOYDS, MD 20841
TEL : 301 540 6066

Dated: August 31, 2007

**Mr. Prakash I Khatri,**
Citizenship and Immigration Services Ombudsman
Department of Homeland Security
Attention: Case Problems
Mail Stop 1225
Washington, D.C. 20528-1225.

Sir,

I am submitting my case on Form DHS 7001 for your perusal and appropriate action.

This pertains to my I-485 application, filed in November 2002. It is almost 5 years that the original application was submitted in Nov. 2002, and steering it thru all objections/ enquiries raised by the USCIS, and keep the family "in-status" all the time. **The USCIS offices at Baltimore now say that my file has gone amiss, and they cannot do anything about it. After my last 3-4 visits to the Baltimore, the USCIS representative at the counter finally told me "Keep on coming, and we will keep you giving the same answer".**

Because of this situation, my family and I are going thru agony, mental torture and extreme financial burden. So far, we have struggled hard to keep ourselves in status, and I wonder what will the CIS's response to my fresh applications for renewal of current permissions be, in view of their inability to find my files.

Along with DHS 7001, I am enclosing a chronology of events, and a complete set of my case file provided by the USCIS when I made a request under FOIA.

Having exhausted all other avenues, I feel **THIS IS A MATTER WHICH DOES NEED YOUR IMMEDIATE INTERVENTION.**

Should you require any further information, I shall be glad to submit that, and, I thank you very much while expecting your help to solve the dilemma.

Yours sincerely,


USHA VERMA

# EXHIBIT S



*Office of the*
*Citizenship and Immigration Services Ombudsman*

**U.S. Department of Homeland Security**
Mail Stop 1225
Washington, D.C. 20528-1225

# Homeland Security

September 13, 2007

Mrs. Usha Verma
14012 Tatani Dr
Boyds, MD 20841-6102

Dear Mrs. Verma:

Thank you for your recent inquiry regarding your immigration issue.

Upon receipt of your information, the office of the Citizenship and Immigration Services Ombudsman (CIS Ombudsman) initiated a formal inquiry with the U.S. Citizenship and Immigration Services (USCIS). USCIS should issue a response to you within forty-five (45) days. If you do not receive a response within this period, please notify our office.

Please be aware that although the office of the CIS Ombudsman collaborates with USCIS, it is an independent entity within the Department of Homeland Security (DHS). The office of the CIS Ombudsman is charged with assisting individuals who experience difficulties with the USCIS benefits process. Additionally, the office of the CIS Ombudsman is dedicated to identifying systemic problems in the immigration benefits process, and to recommending solutions to USCIS. Therefore, the concerns you raised in your letter will be considered as our office develops recommendations to improve USCIS' administrative practices.

Once again, thank you for contacting the office of the CIS Ombudsman, and for giving us the opportunity to serve you.

Sincerely,

Prakash Khatri
Ombudsman

PIK/bh

# EXHIBIT T

# USHA VERMA
14012 TATANI DRIVE, BOYDS, MD 20841
TEL : 301 540 6066

Dated: October 20, 2007

**Mr. Prakash I Khatri,**
Citizenship and Immigration Services Ombudsman
Department of Homeland Security
Attention: Case Problems
Mail Stop 1225
Washington, D.C. 20528-1225.

Sir,

This refers to your letter dt. September 13th. As suggested by you I am waiting for an answer from the USCIS.

However, in this meantime, USCIS has denied the derivative benefits, so far available to my husband (DHARMENDRA VERMA). He had been getting Employment Authorizations, has been interviewed and finger-printed for his green card application, and so far everything was in order, since the last EAD was valid till September 28, 2007, He sent the renewal application well in time. A few days before this date, he received a denial letter of I-765 on the grounds that his "I-485 APPLICATION WAS DENIED ON JANUARY 16, 2005".

Caught unawares, he rushed to the Baltimore Office where he was personally handed over the January 2005 I-485 denial notice. NO SUCH NOTICE WAS EVER RECEIVED BY US AT ANY TIME BEFORE IT WAS HANDED OVER PERSONALLY ON SEPTEMBER 24, 2007 AT THE BALTIMORE OFFICE.

I am afraid that if this be the situation, my two sons, who are also derivative beneficiaries of my application, may be adversely impacted.

Our original I-485s were filed in November 2002. There has been an extra-ordinary delay in the processing of the case, The entire family had to struggle real hard and spent a lot of money for various applications to the USCIS and to the attorney to keep all of us in status. Since my two sons are University going, we have had to tap huge financial resources from India to reasonably maintain ourselves and to remain in status. Both my sons are working real hard to help themselves in completing their education. It seems that this action of the USCIS is going to shatter all our dreams. There is a lot of hue and cry about people coming to this country illegally. However, if the USCIS adopts this kind of tactics, it shall really be a very aggravating situation for people like us who really struggle hard, and pay taxes, to keep ourselves in status during the processing time for our application

I am enclosing a copy of the denial letter he got from the Baltimore office on 09/24/2007, as also a copy of the motion to reopen filed by his attorney for your perusal and ready reference.

In the present situation, I have a ray of hope from your offices.

Please help us to get our due immigration benefits, before the situation gets out of control.

Thanks,


Usha Verma


ENCLS:

    i)      Copy of letter dated January 24, 2005, personally handed over to my husband Dharmendra Verma on 09/24/2007 ONLY.

    ii)     Copy of Motion to Reopen  dated October 8, 2007, sent by our Attorney.

# EXHIBIT U

*Office of the*
*Citizenship and Immigration Services Ombudsman*

**U.S. Department of Homeland Security**
Mail Stop 1225
Washington, D.C. 20528-1225



# Homeland Security

November 6, 2007

Mrs. Usha Verma
14012 Tatani Dr
Boyds, MD 20841-6102

Dear Mrs. Verma:

Thank you for your recent inquiry to the office of the Citizenship and Immigration Services Ombudsman (CIS Ombudsman) regarding your immigration issue.

You indicate that you have not received a response from the United States Citizenship and Immigration Services (USCIS) within forty-five (45) days of our inquiry. Therefore, we have initiated a second inquiry that will address this delay. Additionally, we have requested expedited handling of the matter, and a response should be forthcoming.

Once again, thank you for contacting the office of the CIS Ombudsman, and giving us the opportunity to serve you.

Sincerely,

Prakash Khatri
Ombudsman

PIK/bh

# EXHIBIT V

**Mumtaz Wani**

| | |
|---|---|
| **From:** | "BALAILIA" <AILA.BAL@dhs.gov> |
| **To:** | "Mumtaz Wani" <wani@wanilaw.com> |
| **Sent:** | Tuesday, May 15, 2007 11:02 AM |
| **Subject:** | Usah Verma, A 96 238 053 |

Dear Attorney Wani:

Reference is made to your inquiry received May 14, 2007, regarding Usah Verma, Service file number A96238053. Specifically, you are requesting to know the status of your Application to Register Permanent Residence or Adjust Status, Form I-485.

Review of Ms. Verma's Service record reflects that her case contains certain complexities that must be resolved before we may proceed with the motion to reopen. Please be advised that review of such cases often requires that processing of the case extend beyond the normal processing time frames. Once these complexities are completed, the motion to reopen will be forward to District Adjudications Officer for review.

Please be advised that this office is not at liberty to specify the complex issue(s). Please know that this office is taking all steps to insure that these issues are solved as soon as possible.

Thank you for your understanding and patience in this matter.

Sincerely,


**Tyesha Kennedy**
CIS Assistant
Baltimore District Office
U.S. Citizenship & Immigration Service
410-962-2118/2292 ext. 1203
aila.bal@dhs.gov

**From:** Mumtaz Wani [mailto:wani@wanilaw.com]
**Sent:** Monday, May 14, 2007 4:21 PM
**To:** Bal, Ailia
**Subject:** Inquiry A 96 238 053

Hi, I am AILA member. The following case for adjustment of status employment based was interviewed on September 22, 2006. We have not heard any thing after that despite numerous INFO PASS inquiries. The visa is current and the application is beyond normal processing time.
Name: USAH KIRAN VERMA
A# 96 238 053
Date of birth: 09/22/1955
I-485 filing date: 11/25/2002
Date of interview: 9/22/2006
Category: EB-3
Priority date: April 13, 2001
Country: India
Thanks
WANI & ASSOCIATES, P.C
7777 Leesburg Pike, Suite 307N


5/15/2007

# EXHIBIT W

# USHA VERMA

14012 TATANI DRIVE, BOYDS, MD 20841

TEL : 301 540 6066

Dated: August 31, 2007

Senator Barbara A Mikulski,
503 Hart Senate Office Building,
Washington DC 20510

Madam,

I seek your help in getting a matter with USCIS resolved.

This pertains to my I-485 application, filed in November 2002. It is almost 5 years that the original application was submitted in Nov. 2002, and steering it thru all objections/ enquiries raised by the USCIS, and keep the family "in-status" all the time. **The USCIS offices at Baltimore now say that my file has gone amiss, and they cannot do anything about it. After my last 3-4 visits to the Baltimore, the USCIS representative at the counter finally told me "Keep on coming, and we will keep you giving the same answer".**

Because of this situation, my family and I are going thru agony, mental torture and extreme financial burden. So far, we have struggled hard to keep ourselves in status, and I wonder what will the CIS's response to my fresh applications for renewal of current permissions be, in view of their inability to find my files.

I have sent a similar letter to the USCIS Ombudsman's office, and enclosing a copy of the full set I have sent there. I am also enclosing a chronology of events, and a complete set of my case file provided by the USCIS when I made a request under FOIA.

Having exhausted all other avenues, I feel **THIS IS A MATTER WHICH DOES NEED YOUR IMMEDIATE INTERVENTION.**

Should you require any further information, I shall be glad to submit that, and, I thank you very much while expecting your help to solve the dilemma.

Yours sincerely,

USHA VERMA

**EXHIBIT X**

# WANI & ASSOCIATES, P.C

### Attorneys and Counselors at Law

7777 LEESBURG PIKE, SUITE 307 N., FALLS CHURCH, VA 22043
(703) 556 6626                                   Fax (703) 556 6628

June 6, 2007

<u>VIA CERTIFIED MAIL TO ALL RECIPIENTS</u>

**<u>URGENT – PREPARED TO AVOID LITIGATION</u>**

Alberto R. Gonzalez
Attorney General for the United States
10 Constitution Avenue, N.W.
Washington, D.C. 20530

Rod J. Rosenstein
U.S. Attorney for the District of Maryland
36 S Charles Street, 4th Floor

Baltimore, Maryland 21201



Secretary of the Department of Homeland Security
245 Murray Drive
Washington, D.C. 20528

Emilio T. Gonzalez
Director, USCIS
20 Massachusetts Ave., N.W.

# WANI & ASSOCIATES, P.C

## Attorneys and Counselors at Law

7777 LEESBURG PIKE, SUITE 307 N., FALLS CHURCH, VA 22043

(703) 556 6626                                    Fax (703) 556 6628

June 6, 2007

<u>VIA CERTIFIED MAIL TO ALL RECIPIENTS</u>

**<u>URGENT – PREPARED TO AVOID LITIGATION</u>**

Alberto R. Gonzalez
Attorney General for the United States
10 Constitution Avenue, N.W.
Washington, D.C. 20530

Rod J. Rosenstein
U.S. Attorney for the District of Maryland
36 S Charles Street, 4th Floor
Baltimore, Maryland 21201

Michael Chertoff
Secretary of the Department of Homeland Security
245 Murray Drive
Washington, D.C. 20528

Emilio T. Gonzalez
Director, USCIS
20 Massachusetts Ave., N.W.
Washington, D.C. 20529

Gregory L. Collett
District Director, U.S.C.I.S. – Baltimore
Fallon Federal Building
31 Hopkins Plaza
Baltimore, Maryland 21201

> Re: **<u>I-485 Application for Adjustment of Status</u>**
> **Request for Prompt Adjudication of Applications within 30 days**
> **Applicants:   VERMA, Usha (A96238053)**
> **VERMA, Dharmendra (A95871918)**
> **VERMA, Gaurev (A96238054)**
> **VERMA, Saurabh (A96238055)**

1

To all of the Above-Named Recipients:

This office has been engaged by Ms. Usha Verma and her family to attempt to resolve the inordinate and unreasonable delay connected with their applications for adjustment of status (Forms I-485).

Ms. Verma and her family filed their I-485 applications for adjustment of status in November 2002. Ms. Usha Verma, Mr. Guarev Verma and Mr. Saurabh were interviewed on September 22, 2006. The interviews went well; however, the fingerprints had expired. They were re-fingerprinted but have not heard anything. They are eligible for adjustment of status. Since the time of their interview, Ms. Verma and here family made inquiries regarding their adjustment of status applications.

It has been nearly a year since Ms. Verma and her family was interviewed. The delay is unreasonable, and unjustified.

I have advised Ms. Verma and her family to attempt to resolve this matter short of litigation, given the time and expense involved. **However, if this application is not adjudicated within 30 days of the date of this letter – or by July 6, 2007 – I have advised them to file a petition in the U.S. District Court for the District of Maryland.**

**Please be advised that if Ms. Verma and her family file a lawsuit, they will seek their costs as well as attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.**

I have explained to Ms. Verma and her family that background checks are important, and they fully realize the need of the government to conduct these checks, but the delay in this case seems especially unreasonable, given that according to USCIS' own statistics (see April 25, 2006 USCIS Memorandum on this issue), 99% of name checks are resolved within two months.

Please contact the undersigned if there is anything I or Ms. Verma and her family can do to resolve this situation within the next 30 days to avoid having to litigate and seek costs and attorneys' fees, which Ms. Verma and her family are, understandably, reluctant to do if this matter can be resolved promptly.

I look forward to your prompt response and/or prompt adjudication of these adjustment of status applications.

Very truly yours,

Joseph M. Gesker

cc: clients